ment. If the evidence discloses that the bank was in the latter category, it might enjoy a freedom of action in the selection of counsel independent of government domination, which would entitle it to standing here and representation by counsel of its own choosing. There is no question as to the identity of "Su Yu Nung" as an official of a Government which is not recognized by this Government. He has no standing in our courts here and there is no question as to him to be referred. With this clarification of our decision, the original determination is adhered to. Settle order on notice. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ. [See *ante,* pp. 820, 824; 279 App. Div. 576.]

CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Plaintiff, v. DIRECTORATE GENERAL OF POSTAL REMITTANCES & SAVINGS BANK et al., Appellants; T. Y. Ho et al., Respondents, et al., Defendants.— Motion, insofar as it seeks reargument, granted and, upon reargument the original determination is adhered to and the motion, in all other respects, denied. (See decision in appeal in *Chase Nat. Bank* v. *Directorate Gen. of Postal Remittances & Sav. Bank, ante,* p. 935, decided herewith.) Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

(June 26, 1951.)

CORINNE C. WATERMAN v. SAUL SCHATTEN et al.— Motion for resettlement granted. Present — Peck, P. J., Dore, Cohn, Van Voorhis and McCurn, JJ. [See *ante,* p. 818.]

CORINNE C. WATERMAN v. SAUL SCHATTEN et al.— Motion for leave to appeal to the Court of Appeals or for reargument and for other relief in all respects denied. Present — Peck, P. J., Dore, Cohn, Van Voorhis and McCurn, JJ. [See *ante,* p. 818.]

(June 28, 1951.)

In the Matter of the Estate of MARGUERITE ALEXANDER, Deceased. CENTRAL HANOVER BANK AND TRUST COMPANY, as Executor of MARGUERITE ALEXANDER, Deceased, Respondent; ELISE VENNEREAU, Appellant.— Upon all the evidence it is clear that a gift *inter vivos* from the decedent to her brother, Charles Liebre, was intended and effectuated. Consequently the appellant, as sole legatee of Charles Liebre, is the lawful owner of the stock. Decree unanimously reversed and the petition dismissed, with costs. Settle order on notice. Present — Cohn, J. P., Callahan, Van Voorhis, Shientag and Heffernan, JJ.

(June 29, 1951.)

GOODWINS, INC., et al., Appellants, *v.* FRANK HAGEDORN, as President of Department Store & Variety Store Employees Union, Local 1115A, Retail Clerks International Association, A. F. of L., et al., Respondents, et al., Defendants.

Judgment affirmed, with costs to the respondents.